## BENNETT v. STATE.

(Division B. April 16, 1934.)

[154 So. 276. No. 30943.]

**J. H. Brown**, of Fulton, for appellant.

**Wm. H. Maynard**, Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was indicted for driving a motor vehicle upon a public highway in Itawamba county, while intoxicated; the charging part of the indictment being: "That Vernon Bennett, in said county, on the 5th day of September, A. D., 1933, did unlawfully operate a motor vehicle upon a public road, to-wit; the public road leading from Ryans Well to State Highway No. 25, while he, the said Vernon Bennett, was in a state of intoxication, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

This indictment was demurred to on the following grounds:

First. It does not charge place with any degree of definiteness so that the defendant may be informed of the charge and may prepare his defense.

Second. The indictment does not state the facts of which the unlawful operation of the car consists.

Third. Because the indictment does not charge that the alleged unlawful operation of the car resulted from a state of intoxication, or of what it did consist.

Fourth. Because there is no statute defining any such offense, and therefore no such offense as defined in the indictment exists under the laws of Mississippi.

Fifth. Because the things alleged in the indictment do not constitute an offense under the laws in the state of Mississippi.

The demurrer was overruled by the court below and the case proceeded to trial. The proof sufficiently showed that the appellant was driving a motor vehicle while intoxicated, upon the highway alleged in the affidavit;

the part of the highway upon which the collision occurred being described in the testimony. The proof was ample to sustain the indictment.

The main argument here is that the indictment did not sufficiently describe where the vehicle was being driven, and that it is insufficient to allege upon what particular highway of the county or in the county the collision occurred, and that it must descend to the particular place on the highway.

Ordinarily, an indictment does not have to allege the point in the county at which a crime was committed, nor does it have to allege the correct date. The particular statute involved is section 5579, Code 1930, reading as follows: "No person shall operate or attempt to operate a motor vehicle while such person is in a state of intoxication, or is in other respects incapable of properly and safely operating said motor vehicle, on any public highway, street, avenue or alley within this state."

The penalty for a violation is provided for by section 5581, Code 1930, and is "a fine of not exceeding one hundred dollars for the first offense, and not less than ten dollars nor more than one hundred dollars, or imprisonment not exceeding ten days, or both for a second offense, and by a fine of not less than twenty-five nor more than two hundred dollars or imprisonment not exceeding thirty days, or both for a third or subsequent offense."

We think it is necessary and proper to allege the particular road within the county upon which the motor vehicle was being driven while the person driving or controlling it was in a state of intoxication. It is not necessary to describe the particular community or the exact location upon a given highway. The appellant was given the information that he was driving a motor vehicle while intoxicated upon a named highway, within a particular county. This is sufficient information for

him to have prepared a defense and, if convicted, to plead a former conviction or a former acquittal.

We find no reversible error in the record, and the judgment of the court below must be affirmed.

Affirmed.